In the Matter of the Application of the BOARD OF SUPERVISORS OF SULLIVAN COUNTY, NEW YORK, Appellant, Respondent, to Acquire Land by Condemnation, etc.*

MAX SAWITZ and Others, Respondents; GEORGE H. GOBLE and Another, Respondents, Appellants.

In the Matter of the Application of the BOARD OF SUPERVISORS OF SULLIVAN COUNTY, NEW YORK, Appellant, to Acquire Land by Condemnation, etc.

MAPLEWOOD FARMS COMPANY, INC., Respondent.

Third Department, July 1, 1932.

*John D. Lyons* [ *Nellie Childs Smith* of counsel], for the petitioner.

*Weiss & Costa,* for the claimants Sawitz and others.

*Edward F. Ryan,* for the claimant, respondent, Renard A. McKee.

* See 142 Misc. 362.

*Ellsworth Baker*, for the claimants George H. Goble and another.

*Watts, Oakes & Bright*, for the claimant, respondent, Wanaksink Lake Corporation.

*Benjamin M. Goldstein*, for the respondent Maplewood Farms Company, Inc.

HILL, J.   Three commissioners were appointed under section 151 of the Highway Law to ascertain compensation to be paid owners of land taken for highway improvement.   After all the evidence had been received, one of the commissioners died.   The two survivors presented their report to the court.   Certain of the landowners objected to the confirmation, and raised the question that the surviving commissioners were without authority to proceed. Upon the hearing of the application to confirm the report, the court appointed a new commissioner to fill the vacancy.   This was done without notice, except that given for the motion to confirm the report of the two commissioners.   Both sides appeal.   The board of supervisors argues that section 41 of the General Construction Law empowers the surviving commissioners to act.   This would be true if the Highway Law did not contain a provision for filling the vacancy (*People ex rel. Howlett* v. *Mayor*, 63 N. Y. 291, 297), but it does contain such provision (Highway Law, § 151).   The survivors may not continue.   (*People ex rel. Henry* v. *Nostrand*, 46 N. Y. 375.)   The land-owners argue that three new commissioners should be named, as the two survivors have already formed and expressed an opinion as to the amount of damages, and filling the vacancy will be without effect, and the new commissioner without a voice except to agree with the already formed opinion of the majority.   This argument assumes that an unreasonable and arbitrary position will be taken by the remaining commissioners. The Special Term has authority to fill the vacancy (Highway Law, § 151), or if necessity exist doubtless to appoint an entire new commission.   This argument of the landowners should be addressed to the Special Term, and its determination, unless appearing to be arbitrary, will be sustained.   However, proper notice of application for the appointment of the new commissioner was not given (Highway Law, §§ 150 and 151), and the order appointing the new commissioner should be reversed on the law, without costs to either party.

The order opening the proceeding for evidence as to damage to be sustained by Maplewood Farms Company, Inc., should be affirmed, upon the ground that notice of application for the appointment of commissioners or of the hearings before them was not given to the owner.

The order appointing J. Maxwell Knapp a new commissioner to fill vacancy should be reversed on the law, without costs   The order opening proceedings on application of Maplewood Farms Company, Inc., should be affirmed, with ten dollars costs and disbursements against the board of supervisors of Sullivan county.

All concur; McNAMEE, J., not voting.

Order appointing J. Maxwell Knapp a new commissioner to fill vacancy reversed on the law, without costs.   Order opening proceedings on application of Maplewood Farms Company, Inc., affirmed, with ten dollars costs and disbursements against the board of supervisors of Sullivan county.